IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL LEMONS, III, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-285(HL) |
| | : | |
| STATE OF GEORGIA, | : | |
| | : | **ORDER** |
| Defendant | : | |

Plaintiff **WILLIAM PAUL LEMONS, III**, an inmate at Macon State Prison in Oglethorpe, Georgia, Georgia, has filed a *pro se* complaint in this Court. Plaintiff has not paid the required filing fee; nor has he sought leave to proceed without the prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because plaintiff has not paid the filing fee, the Court assumes he wishes to proceed *in forma pauperis* and will allow him to do so for purposes of this dismissal alone.

Plaintiff states that he is "appealing [the] Superior Court of Cobb County's decision of denying appealee's (sic) Motion for Superior Court to Ministerially Act in the Process of Sovereign's Release from Custody of the State of Georgia/Dept. [of] Corrections on Own Recognizance." (R. at 1, p. 1). On July 19, 2010, plaintiff apparently filed "a Motion for Superior Court to Ministerially Act in the Process of Sovereign's Release from Custody of the State of Georgia/Dept. of Corrections on Own Recognizance" in the Cobb County Superior Court. (R. at 1, Ex. B). In an order dated July 22, 2010, the Cobb County Superior Court denied this motion. (R. at 1, Ex. B).

Plaintiff seeks to appeal the denial of this motion. However, a federal district court does not have the authority to act as a court of appeals to challenge the decision of a state court. ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413 (1923). It does not appear that plaintiff has filed an appeal in any state appellate court. ***See Nicholson v. Shafe***, 558 F.3d 1266 (11th Cir. 2009)(***Rooker-Feldman*** doctrine applies where the state court loser declines to appeal an adverse trial court judgment). Plaintiff needs to appeal any adverse ruling from the Cobb County Superior Court to the appropriate appellate court in the State of Georgia; not to the federal district court.

To any extent that plaintiff is attempting to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his underlying state court conviction or sentence, the Court notes that plaintiff was convicted in Cobb County. See www.dcor.state.ga.us. Cobb County is in the Northern District of Georgia. Therefore, plaintiff should file any habeas action in the United States District Court for the Northern District of Georgia.

Based on these findings, plaintiff's action is **DISMISSED**.

**SO ORDERED**, this 5th day of August, 2010.


*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb